IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

                                                                      ORDER

                Plaintiff,

                                                07-C-500-C

     v.

ELLA SCHREIBER, NERIMAN
SCHREIBER, CLAIRE SCHREIBER
and JOHN SCHREIBER,

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a dispute over the proceeds of a life insurance policy issued by plaintiff American General Life Insurance Company to the now deceased Michael L. Schreiber. After plaintiff received competing claims from defendants Ella, Neriman, Claire and John Schreiber for the proceeds, plaintiff brought this action pursuant to 28 U.S.C. § 1335 and was granted leave to deposit the funds with the clerk of court.

      28 U.S.C. § 1335 provides that original jurisdiction exists when there are two or more adverse claimants of diverse citizenship as defined under § 1332, the diversity jurisdiction statute. At the time of filing, defendant Ella Schreiber was alleged to be a resident of Ladysmith, Wisconsin. Defendants Neriman, Claire and John Schreiber were alleged to be

1

residents of Owensville, Missouri. Because I cannot determine the citizenship of defendants from the information provided in the complaint, plaintiff will need to provide this court with verification of the diversity of citizenship of at least two of the defendants.

For the purpose of establishing diversity of citizenship under § 1332, the court examines the citizenship, not the residency, of individual persons. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship). Although I suspect that defendants' place of residency and place of citizenship may be the same, it was plaintiff's burden to establish citizenship at the time of filing of the complaint. At the present time, plaintiff has established defendants' *residency* only. Plaintiff will have until November 8, 2007 in which to provide the necessary verification of the diversity of citizenship of at least two of the defendants.

As a secondary matter, I will address defendant Claire Schreiber's (hereinafter "defendant Schreiber") September 30, 2007 letter, that I have construed as her answer to the complaint. Defendant Schreiber's answer contains neither a caption nor a signature.

2

In addition, she failed to file her answer with the court and mail a copy of her answer to the other defendants.  Instead, she mailed her answer to Cinthia Motley, counsel for plaintiff, who then forwarded it to this court.

Defendant Schreiber filed her answer on her own behalf, without counsel.  She is thus proceeding pro se.  Although individuals have a right to proceed pro se, 28 U.S.C. § 1654, defendant Schreiber should be aware of the rules governing her communications with the court and the other parties to the lawsuit.  Those rules are listed in the Federal Rules of Civil Procedure, which she can find at her local library or, if she has a personal computer and Internet access, on-line at http://www.law.cornell.edu/rules/frcp.  In particular, defendant Schreiber is directed to the following rules:

- Rule 5, which requires that every piece of paper in connection with a lawsuit be served on each party;
- Rule 7, which sets forth the proper form of motions and other papers, and directs that they be signed;
- Rule 10 which requires a caption, including the names of parties, in every pleading, and;
- Rule 11 which requires a signature on every pleading, written motion and other paper.

I will enclose to defendant Schreiber a copy of her answer with a copy of this order so that

3

she may sign her pleading, put a caption on it and return it to the court. For the remainder of this lawsuit, defendant Schreiber must send to each of the parties a copy of every paper or document that she files with the court. Once she has learned what lawyer will be representing each of the defendants, she should serve the lawyers directly rather than defendants. The court will disregard any documents submitted by defendant Schreiber unless she shows on the court's copy that she has sent a copy to each of the parties or to their respective lawyers.

## ORDER

IT IS ORDERED that defendants may have until November 9, 2007, to provide verification of the diversity of citizenship of at least two of the defendants. Failure to comply with this deadline will result in dismissal on the court's own motion for lack of jurisdiction.

FURTHER IT IS ORDERED that defendant Claire Schreiber amend her answer to include a caption and a signature, and return it to the court by November 9, 2007. In addition, defendant Claire Schreiber is to submit an affidavit of service indicating that she served a copy of her amended answer on counsel for plaintiff and on the other defendants. Defendant Claire Schreiber's failure to amend and return her answer by November 9, 2007

will result in her answer being stricken from the record.

Entered this 26th day of October, 2007.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge