IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

                                               MEMORANDUM

               Plaintiff,

                                               3:07-cv-500-bbc

    v.

ELLA SCHREIBER, NERIMAN
SCHREIBER, CLAIRE SCHREIBER
and ROBERT SCHREIBER,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In a memorandum dated November 14, 2007, I told defendants Claire Schreiber and Ella Schreiber that I could not consider either of their answers until each submitted to the court a certificate of mailing of her answer. In the same order, I instructed the parties that a preliminary pretrial conference would be scheduled with Magistrate Judge Stephen Crocker upon receipt of defendants Neriman Schreiber's and Robert Schreiber's answers. Now the court has received the following documents from defendants: 1) defendant Ella Schreiber's response to the November 14 memorandum; 2) defendant Claire Schreiber's response to the November 14 memorandum; 3) defendant Claire Schreiber's amended answer; 4) an untitled

1

document from defendant Neriman Schreiber filed November 30, 2007; and 5) an untitled document from defendant Robert Schreiber filed November 30, 2007.

With regard to defendant Ella Schreiber's response to the November 14 memorandum, it appears that she has served her answer on the lawyer for the plaintiff, Cinthia Motley, and the other defendants as required by Rule 5 of the Federal Rules of Civil Procedure. Therefore, I will be able to consider her answer.

With regard to defendant Claire Schreiber's response to the November 14 memorandum, it appears her answer has been served on the lawyers and other defendants in this case. However, Claire Schreiber has also filed an amended answer to the complaint. Her filing is problematic for three reasons. First, Claire Schreiber's amended answer is unnecessary because it is insufficient to replace her original answer. In her amended answer, Claire Schreiber says that she "den[ies] the changes of the beneficiary that ha[ve] been made." In comparison to her original signed answer filed on October 22, 2007, this one line response cannot replace the one and a half page answer Claire Schreiber submitted earlier. Because Claire Schreiber's amended answer does nothing more than respond to a single factual allegation in the complaint, I am construing the document as an addendum to her answer. The second problem is that it is not clear whether Claire Schreiber has served a copy of her addendum as required by Rule 5 of the Federal Rules of Civil Procedure. This one time, the court will provide a copy of the addendum to the attorneys and other defendants

in this case with a copy of this order. Finally, it appears that Claire Schreiber may believe it necessary to have her certificate of service notarized, as evidenced by the notary signature on her recent certificate. However, unless the court is given reason to believe that a party's unnotarized statement of service is untrue, it is not necessary for a party to obtain the services of a notary for this type of submission.

I construe the untitled documents from defendants Neriman Schreiber and Robert Schreiber (hereinafter Neriman and Robert) as their respective answers. Neriman's and Robert's answers are not in the proper form because they do not contain a case caption. Also, I am unable to verify that the answers were served on the attorneys and the other defendants in the case. As I explained to defendant Claire Schreiber in the October 26, 2007 order, there are certain rules that parties must follow regarding their communications with the court and the other parties to the lawsuit. Those rules are listed in the Federal Rules of Civil Procedure, which can be found at the local library or on-line at http://www.law.cornell.edu/rules/frcp. In particular, Neriman and Robert are directed to the following rules:

- Rule 5, which requires that every piece of paper in connection with a lawsuit be served on each party;
- Rule 7, which sets forth the proper form of motions and other papers; and
- Rule 10 which requires a caption, including the names of parties, in every pleading.

3

In addition, Neriman and Robert may find the Federal Judiciary's website on civil rules forms helpful in drafting documents for filing with the court. Those forms are available on-line at http://www.uscourts.gov/rules/cvforms2.htm.

Because Neriman and Robert have not provided proof that they have served a copy of their answers on the attorneys and other defendants in the case, I will provide a copy of each of their answers to the attorneys and other defendants in this case with a copy of this order.

As a final matter, Neriman, Robert and Claire Schreiber are advised that for the remainder of this lawsuit, they must send each of the parties a copy of every paper or document that they file with the court. The court will disregard any documents submitted by Neriman, Robert and Claire unless they show on the court's copy that they have sent a copy to each of the parties or to their respective lawyers.

Entered this 18th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge