IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

                                                         OPINION AND ORDER

          Plaintiff,

                                                         07-cv-500-bbc

    v.

ELLA SCHREIBER, NERIMAN
SCHREIBER, CLAIRE SCHREIBER
and ROBERT SCHREIBER,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Ella Schreiber is named as the beneficiary on a life insurance policy purchased from plaintiff American General Life Insurance Company by her husband, Michael Schreiber, who died in June 2007. After Ella submitted a claim for the proceeds, the claim was contested by Claire Schreiber, Michael's daughter from a previous marriage. To resolve the dispute, plaintiff filed this interpleader action. Jurisdiction is present under 28 U.S.C. § 1335 because the insurance policy is worth more than $500 (the amount due is approximately $110,000), at least two of the claimants are of diverse citizenship (Ella is a citizen of Wisconsin; Claire is a citizen of Missouri) and plaintiff deposited the proceeds into the registry of this court, dkt. #4.

1

Defendant Ella Schreiber's motion for summary is ripe for review. Although the other defendants do not dispute that Ella is the beneficiary of the policy, they argue that Michael was "not in any condition to be capable of managing his property" in October 2006, when he changed the beneficiaries on the policy from Nerimann Schreiber (Michael's ex-wife), Robert Schreiber (Michael's son) and Claire Schreiber to Ella Schreiber. Dkt. #42, ¶7. Thus, it appears that defendants are arguing that Michael Schreiber lacked the mental capacity to make a change to the life insurance policy.

> To prevail on this claim, defendants must meet a demanding standard:
>
> The law presumes that every adult person is fully competent until satisfactory proof to the contrary is presented. The burden of proof is on the person seeking to void the act. The test for determining competency is whether the person involved had sufficient mental ability to know what he or she was doing and the nature and consequences of the transaction.

Hauer v. Union State Bank of Wautoma, 192 Wis. 2d 576, 589-90, 532 N.W.2d 456, 461 (Ct. App. 1995) (citations omitted). In addition, defendants must prove that Michael Schreiber was mentally incapacitated <u>at the time</u> he changed the beneficiaries; it is not enough to show that he may have been incapacitated at some other time. In re Kringel's Estate, 156 Wis. 94, 144 N.W. 204 (1913). (Because this court's jurisdiction to hear this case rests on diversity of citizenship, it is state law rather than federal law that applies. Griffin v. McCoach, 313 U.S. 498, 503 (1941); Republican Nat. Committee v. Taylor, 299 F.3d 887, 890 (D.C. Cir. 2002). Further, because no party has addressed which state's law

2

should apply, I must apply the law of the forum state. <u>FutureSource LLC v. Reuters Ltd.</u>, 312 F.3d 281, 283 (7th Cir. 2002); <u>State Farm Mutual Auto. Insurance Co. v. Gillette</u>, 2002 WI 31, ¶ 51, 251 Wis. 2d 561, 641 N.W.2d 662.)

In support of their argument, defendants submitted an affidavit from Claire Schreiber in which she averred the following about Michael Schreiber:

- an "evaluation" from April 14, 2006, shows that Michael was taking psychotropic medication, such as Haldol and Ativan (defendants did not submit the evaluation to the court);

- according to the same evaluation, Michael mistakenly said he had been married four times instead of three;

- according to Julie Schreiber, "he would not [know] the time or day it was";

- according to Howard Schreiber, Michael once tried to carry a gun on a bus and "did not see what the problem was" when the bus driver refused to let him ride.

None of the averments in Claire Schreiber's affidavit are admissible because they do not comply with a basic rule of evidence, which is that affidavits "must be made on personal knowledge." Fed. R. Civ. P. 56. This means that a party's statements about events cannot be relied on by the court unless that party personally observed the event she is describing. In this case, Claire did not personally observe any of the alleged symptoms of mental illness;

3

all of her information comes from the observations of others, who did not submit their own affidavits.

However, even if I could consider Claire Schreiber's affidavit, it would make no difference. The observations in the affidavit are that Michael Schreiber had taken psychotropic medication several months before he changed the beneficiary on the policy, that he misstated the number of times he'd been married and that at undisclosed times he tried to carry a gun on bus and could not identify what time of day it was. These observations might suggest that Michael Schreiber had mental health problems, but they do not show that he was legally incapable of forming a binding agreement. Compare Hauer, 192 Wis. 2d at 590; 532 N.W.2d at 461 (upholding jury's determination that party was mentally incapacitated on the basis of (1) evidence that party had been under court-appointed guardianship; (2) a psychiatrist's conclusion that the party's cognitive abilities were severely impaired; and (3) party's own testimony that he did not understand the nature and consequences of his actions). Lapses in judgment and prescription medication do not make a person legally insane. Timm v. Schneider, 203 Minn. 1, 279 N.W. 754, 755 (1938) ("Mere mental weakness does not incapacitate a person from contracting."). Rather, the medication is evidence that Michael was being treated for any mental health problems that he had. Further, none of the observations in the affidavit provide any insight into Michael's mental state at the time he made the change to the policy in October 2006.

4

Although defendants' disappointment with Michael Schreiber's decision to change his life insurance policy is understandable, they have not met their burden to show that the decision was unlawful. Accordingly, I must grant Ella Schreiber's motion for summary judgment.

ORDER

IT IS ORDERED that defendant Ella Schreiber's motion for summary judgment is granted. The money placed in escrow by plaintiff American General Life Insurance Company is to be distributed to defendant Ella Schreiber. The clerk of court is directed to enter judgment in favor of defendant Ella Schreiber and close this case.

Entered this 30th day of June, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge